UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY GLEASON,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFF LYNCH, et al.,<br><br>    Defendants. | No. 2:20-cv-1971-EFB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint (ECF No. 1), he has also filed an application to proceed in forma pauperis (ECF No. 2) and a request for the appointment of counsel (ECF No. 7).

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1

1   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
2   relief may be granted," or "seeks monetary relief from a defendant who is immune from such
3   relief." *Id.* § 1915A(b).
4     A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
5   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
6   plain statement of the claim showing that the pleader is entitled to relief, in order to give the
7   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
8   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
9   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
10  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
11  U.S. 662, 679 (2009).
12    To avoid dismissal for failure to state a claim a complaint must contain more than "naked
13  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
14  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
15  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
16  678.
17    Furthermore, a claim upon which the court can grant relief must have facial plausibility.
18  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
19  content that allows the court to draw the reasonable inference that the defendant is liable for the
20  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
21  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
22  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
23  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
24  <u>Screening Order</u>
25    Plaintiff's complaint (ECF No. 1) includes unrelated claims that cannot be properly joined
26  in a single lawsuit.  The first claim alleges that defendant Lindquist, a librarian, violated
27  plaintiff's right to access the courts when on January 28, 2020, she asked plaintiff to pick up his
28  legal paperwork at a later time and then suspended plaintiff from the library altogether. *Id.* at 6.

1  The remaining three claims – against three separate defendants – are not supported by any factual
2  allegations. There is a claim that defendant A. Marshall somehow infringed upon plaintiff's
3  freedom of speech. *Id.* at 8. There is a claim that defendant J. Polich, a correctional captain,
4  somehow violated plaintiff's freedom of speech and rights under the Americans with Disabilities
5  Act ("ADA"). *Id.* at 9. Lastly, there is a claim that on December 11, 2019, a "doe" defendant
6  handcuffed plaintiff behind his back while he was wearing his mobility impairment vest.[1] *Id.* at
7  10. As relief, plaintiff seeks monetary damages. *Id.* at 13.

It is well settled that a claimant may not proceed with various unrelated claims against separate defendants:

> "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff asserts four separate claims, each against a different defendant. There are no allegations linking the claims by common questions of law or fact. Thus, plaintiff has not demonstrated that the claims are well-suited for proceeding in a single suit.

Moreover, plaintiff's allegations lack sufficient detail to establish a claim at all. To state a viable First Amendment claim based on denial of access to the courts, plaintiff must allege specific facts showing that Lindquist actually injured his litigation efforts, in that her alleged

---

[1] The use of Doe defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. Rather, the Federal Rules of Civil Procedure, not state procedural rules and practice, govern how pleadings may be amended to add new parties in a federal civil action. Here, plaintiff has been able to commence the action using the name of identified defendants. Should plaintiff subsequently learn the identities of additional parties whom he wishes to serve, he must move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action. Additionally, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

1   "interference" hindered his efforts to bring, or caused him to lose, an actionable claim challenging
2   his criminal sentence or conditions of confinement.  *See Lewis v. Casey*, 518 U.S. 343, 351
3   (1996); *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).  To state a First Amendment free
4   speech claim against Marshall, plaintiff must plead that his speech was constitutionally protected,
5   that Marshall's actions would chill an ordinary person from continuing with the speech, and that
6   Marshall's actions were motivated by the speech. *Mendocino Environmental Center v.*
7   *Mendocino County*, 192 F.3d 1283, 1300-1301 (9th Cir. 1999).  Finally, to proceed with his ADA
8   claim for damages, plaintiff must name a public entity as a defendant.  Further, he must allege
9   that "(1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation
10  in or otherwise discriminated against with regard to a public entity's services, programs, or
11  activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v.*
12  *Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  Although plaintiff is allegedly disabled, there are
13  no allegations that he was excluded from participating in any program or discriminated against
14  because of his disabilities.

15                                            Leave to Amend

16          Plaintiff will be given an opportunity to amend his complaint.  He is cautioned that any
17  amended complaint must identify as a defendant only persons who personally participated in a
18  substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743
19  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an
20  act, participates in another's act or omits to perform an act he is legally required to do that causes
21  the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so
22  closely related to his federal allegations that "they form the same case or controversy." *See* 28
23  U.S.C. § 1367(a).

24          The amended complaint must also contain a caption including the names of all defendants.
25  Fed. R. Civ. P. 10(a).

26          Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See*
27  *George,* 507 F.3d at 607.  Nor, as he was warned above, may he bring multiple, unrelated claims
28  against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

### Request for Counsel

Plaintiff requests the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

/////
/////
/////

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's request for appointment of counsel (ECF No. 7) is DENIED;

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and

5. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: October 23, 2020.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE