UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY GLEASON,<br><br>Plaintiff,<br><br>v.<br><br>JEFF LYNCH, et al.,<br><br>Defendants. | No. 2:20-cv-1971-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After a dismissal by the court with leave to amend (ECF No. 8), plaintiff has filed "objections"[1] (ECF No. 13) and an amended complaint (ECF No. 12), which the court must screen.[2]

---

[1] Plaintiff's objections are titled "Objections to this Court's Order Dismissing First Amended Complaint, 10-23-2020." The court notes that its October 23, 2020 screening order (ECF No. 8) dismissed the *original* complaint (as the amended complaint had yet to be filed). Liberally construed as a motion for reconsideration, the motion is denied. Plaintiff's filing of an amended complaint (ECF No. 12) supersedes the original complaint, rendering any objections to its corresponding screening order moot. Moreover, the circumstances discussed in plaintiff's motion – denial of library access – do not speak to any error in the court's screening order or otherwise present a basis for reconsideration.

[2] Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious,

1

In screening the original complaint, the court found that plaintiff had improperly joined unrelated claims against separate defendants in a single action. *See* ECF No. 8 at 2 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). The court also cautioned plaintiff that in any amended complaint, he may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Plaintiff fails to cure either of these defects in his amended complaint. Once again, he asserts unrelated claims that cannot proceed in a single action. He has also alleged new and unrelated claims that were not included in the original complaint.

Plaintiff's original complaint (ECF No. 1) included four unrelated claims: (1) that defendant Lindquist, a librarian, violated plaintiff's right to access the courts when on January 28, 2020, she asked plaintiff to pick up his legal paperwork at a later time and then suspended plaintiff from the library altogether (*id.* at 6); (2) defendant A. Marshall somehow infringed upon plaintiff's freedom of speech (*id.* at 8); (3) defendant J. Polich, a correctional captain, somehow violated plaintiff's freedom of speech and rights under the Americans with Disabilities Act ("ADA") (*id.* at 9); and (4) that on December 11, 2019, a "doe" defendant handcuffed plaintiff behind his back while he was wearing his mobility impairment vest.

As for plaintiff's purported ADA claim against Polich, the court informed plaintiff that his allegations were not enough to survive screening:

> Finally, to proceed with his ADA claim for damages, plaintiff must name a public entity as a defendant. Further, he must allege that "(1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Although plaintiff is allegedly disabled, there are no allegations that he was excluded from participating in any program or discriminated against because of his disabilities.

ECF No. 8 at 4.

As best the court can discern, the amended complaint (ECF No. 12) repeats the deficient ADA claim against Polich (*id.* at 5) and adds the following new and unrelated claims: (1)

---

or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

2

defendant Taylor hit plaintiff in the chest (*id.* at 3) and threatened "to beat his ass," (*id.* at 5); (2) defendants Lynch, Polich, and Marshall have allowed for defendant Lindquist to use excessive force against plaintiff (*id.* at 4-5); and (3) defendant Flores pepper-sprayed plaintiff on October 8, 2020 (*id.* at 6).

Plainly, plaintiff has not cured the defects identified by the court's first screening order. He repeats his conclusory ADA claim against Polich, includes unrelated claims that cannot be joined in a single lawsuit, and has attempted to change the nature of this suit by alleging new and unrelated claims. Plaintiff has failed to comply with the court's screening order and to cure the defects in his original claims for relief and is either unwilling or unable to do so. Therefore, this action should be dismissed without further leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS ORDERED that:

1. Plaintiff's "objections," (ECF No. 13) construed as a motion for reconsideration, is DENIED; and

2. The Clerk is directed to randomly assign a United States District Judge to this action.

Further, IT IS RECOMMENDED that the amended complaint (ECF No. 12) be DISMISSED without further leave to amend and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 18, 2021.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE